UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -----------x

| | |
|---|---|
| SOHEL A. CHOWDHURY, ALI SK LIAKAT<br>Individually and on Behalf of<br>All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>BRIONI RETAIL NEW YORK INC.,<br>ROMAN LOOK, LTD. D/b/a BRIONI<br>And DENNY CRUZ individually; and<br>ABC CORPORATIONS #1-10,<br>And JOHN DOES #1-10, Jointly and Severally,<br><br>        Defendants. | ECF CASE<br>Case#<br><br>    CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

1.      Plaintiffs SOHEL A. CHOWDHURY, ALI SK LIAKAT ("Plaintiffs" or

"CHOWDHURY" and LIAKAT") allege on behalf of themselves and other similarly

situated current and former employees of the Defendants and those who elect to opt into

this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they

are entitled to (i) unpaid wages from Defendants for overtime work for which they did not

receive overtime premium pay and for unpaid minimum wages, as required by law, and (ii)

liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiffs SOHEL A. CHOWDHURY, ALI SK LIAKAT ("Plaintiffs" or

"CHOWDHURY" and LIAKAT") further complain on behalf of themselves, and a class of

other similarly situated current and former employees of the Defendants, under Fed. R. Civ. P.

23, that they are entitled to (I) unpaid wages from Defendants for overtime work for which they

did not receive overtime premium pay as required by the New York Labor Law ("NYLL") §§

650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official

Compilation of Codes, Rules and Regulations promulgated by the

Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL), (ii)

unpaid minimum wages, (iii) unpaid spread-of-hours pay, (IV) retained tips and/or gratuities

under NYLL § 196-d (as set forth in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (N.Y. 2008),

and (v) liquidated damages under the NYLL, as amended by the Wage

Theft Prevention Act.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C.

§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims

under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under

the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district under 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff SOHEL A. CHOWDHURY was, at all relevant times an adult individual,

residing in Jamaica, New York, Queens County.

7.     Plaintiff ALI SK LIAKAT was, at all relevant times an adult individual, residing in Astoria, New York, Queens County.

8.     Upon information and belief, Defendant BRIONI RETAIL NEW YORK INC., D/b/a Brioni ("Brioni Store") is a domestic corporation, with a principal place of business at 57 East 57th, New York, New York 10022, and New York County.

9.     Upon information and belief defendant ROMAN LOOK, LTD. D/b/a Brioni ("Brioni Store") is a domestic corporation, with a principal place of business at 57 East 57th, New York, New York 10022, in New York County.

10.     Upon information and belief, Defendant Denny Cruz ("Cruz") at present time operates and/or controls the day-to-day operations and management of Defendants BRIONI RETAIL NEW YORK INC. and ROMAN LOOK, LTD. D/b/a BRIONI.

11.     The address of Defendant Denny Cruz is presently unknown but his business address is 57 East 57th, New York, New York 10022, in New York County.

12.     Upon information and belief, ABC Corporations # 1-10 represent the other corporate Defendants, whose identities are presently unknown, that owned, operated and/or controlled the day-to-day operations and management, and that jointly employed Plaintiffs SOHEL A. CHOWDHURY and  ALI SK LIAKAT and other similarly situated employees at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the named Defendants.

13.     Upon information and belief, John Does # 1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the named

Defendants.

14.     Upon information and belief, Defendant BRIONI is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Brioni is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

15.     Each Defendant, either directly or indirectly, has hired and fired the Plaintiff SOHEL A. CHOWDHURY and other employees, controlled the Plaintiff's work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

16.     Pursuant to 29 U.S.C. §207, Plaintiffs SOHEL A. CHOWDHURY (CHOWHURY)  and ALI SK LIAKAT ("LIAKAT")  seek to prosecute their FLSA claims as a collective action on behalf of all persons Defendants are employing or have employed (collectively "employees ") at any time since December 1, 2009 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action

4

Period"), who were non-exempt employees within the meaning of the FLSA, who were not paid minimum wages, who were not paid overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) per workweek, behalf (the "Collective Action Members").

17.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

18.     Plaintiffs CHOWDHURY and LIAKAT will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and class action litigation. Plaintiffs CHOWDHURY and LIAKAT have no interest that is contrary to or in conflict with the Collective Action Members.

19.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  No difficulty exists in the management of this action as a collective action.

20.     Questions of law and fact common to the Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs CHOWDHURY and LIAKAT and other Collective Action Members are:

a.     whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members;

c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members are employed, violating C.F.R. § 516.4;

e.     whether Defendants failed to pay the Collective Action Members minimum wages and/or overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

6

f.      whether Defendants failed to pay the Collective Action Members minimum

        wages, violating the FLSA and the regulations promulgated thereunder;

g.      whether Defendants improperly withheld overtime and spread of hours pay,

        violating 29 U.S.C. § 203(m) when *inter alia* deliveries for Brioni made to

        its customers for 2 ½ to 3 hours daily on average completed  after employees

        were forced to "punch out";

h.      whether Defendants misclassified the Collective Action Members as exempt

        from overtime;

i.      whether Defendants' violations of the FLSA are willful as that term is used

        within the context of the FLSA;

j.      whether Defendants are liable for all damages claimed hereunder, including

        but not limited to compensatory, punitive and statutory damages, interest,

        costs and disbursements and attorneys' fees;

k.      whether Defendants should be enjoined from such violations of the FLSA

        in the future; and

l.      whether the statute of limitations should be estopped or equitably tolled due

        to Defendants' statutory violations.

7

CLASS ACTION ALLEGATIONS

21.    Plaintiffs CHOWDHURY and LIAKAT sue on their own behalf and on

behalf of a class of persons under Fed. R. Civ. P. 23(a), (b) (2) and (b) (3).

22.    Plaintiffs CHOWDHURY and LIAKAT brings their NYLL claims

on behalf of all persons who Defendants are employing and have employed at any time

since December 1 2009, to the entry of judgment in this case (the "Class Period"), who

were non-exempt employees within the meaning of the NYLL, who have not been paid

overtime wages, who have not been paid minimum wages, who have not been paid

spread-of-hours pay, and where defendants improperly withheld overtime and spread of

hours pay, violating 29  U.S.C. § 203(m) and other sections when *inter alia*  deliveries for

Brionna were made by plaintiffs and other members of the Class to its customers for 2 ½

to 3 hours daily on average, Deliveries  completed with a prepaid metro card , after

employees were forced to "punch out" and never compensated by the defendants'

violating the NYLL (the "Rule 23 Class Members").

23.    The Rule 23 Class Members identified above are so numerous that joinder

of all members is impracticable.  Although the precise number of such persons is unknown,

and the facts upon which the calculation of that number are presently within the sole control

of the Defendants, upon information and belief, approximately forty (40) Rule 23 Class

Members exist during the Class Period.

24.    Plaintiff's claims are typical of the claims of the Rule 23 Class, and a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26.     Plaintiffs CHOWDHURY and LIAKAT are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

27.     Plaintiffs CHOWDHURY and LIAKAT have the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Rule 23 Class.

28.     Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

    a.    whether the Defendants employed Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members within the meaning of the NYLL;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs CHOWDHURY and LIAKAT and Rule 23 Class Members;

    c.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.    whether Defendants failed and/or refused to pay the Rule 23 Class Members

minimum wages, time and one-half for all hours worked in excess of forty

(40) hours per workweek, and spread-of-hours pay;

e.    whether Defendants failed to provide the Rule 23 Class Members with wage

statements specifying the amount of overtime to be included in their wages;

f.    whether Defendants failed to post or keep posted a notice explaining the

minimum wages and overtime pay rights provided under the NYLL in any

area where Plaintiffs CHOWDHURY and LIAKAT and LIAKAT and the

Collective Action Members are employed;

g.    whether Defendants misclassified Plaintiffs CHOWDHURY and LIAKAT

And the Rule 23 Class Members as exempt from overtime;

h.    .whether the individual defendants participated in the day-to–day

Management of Defendant and are "joint employers" and liable to Plaintiff;

i.    whether Defendants are liable for all damages claimed hereunder, including

but  not limited to, interest, costs and disbursements and attorneys' fees; and

j.    whether the Defendants should be enjoined from such violations of the

NYLL in the future.

## STATEMENT OF FACTS

29.    The Brand Brioni is a menswear couture house owned by a French

holding company Kerning. Founded in Rome in 1945, Brioni is known for its made-to-

measure men's suits, sartorial ready-to-wear collections and leather goods. Throughout its history, the company has invented concepts such as the men's runway show, the trunk show, and the ready-to-wear Haute Couture. Brioni owned and operated the stores that were located at both 52nd Street and 57 East 57th Street in Manhattan; they employed Plaintiffs CHOWDHURY and LIAKAT.

30.     Defendants employed Plaintiff CHOWDHURY from in or about February 27, 2006 through December 11 2015 when a retaliatory wrongful discharge occurred; Plaintiff LIAKAT has been employed by Brioni for approximately sixteen (16) years to the present time.

31.     The primary duties of Plaintiffs CHOWDHURY and LIAKAT were clerical primarily involved shipping and delivery.

32.     The work performed by Plaintiffs CHOWDHURY and LIAKAT required little skill and no capital investment, and his duties did not include managerial responsibilities or the exercise of independent judgment.

33.     Throughout the time Defendants employed Plaintiffs CHOWDHURY and LIAKAT and, upon information and belief, both before that time and continuing until today (the Class Period and Collective Action Period), Defendants have likewise employed other individuals like Plaintiffs CHOWDHURY and LIAKAT (the Rule 23 Class and Collective Action Members) in clerical positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

34.     While working for Defendants utilizing clerical duties which primarily involved

shipping and delivery, Plaintiffs CHOWDHURY and LIAKAT worked at two locations, (a)

CHOWDHURY at its 52nd Street store beginning February 27, 2006 to December, 2013 until at

or about the time it closed, then (b) at its 57 East 57th Street store until a retaliatory wrongful

discharge occurred on or about December 11, 2015; (b) LIAKAT worked for the entire 16 years

at the 57 East 57th Street Store to the present time. Chowdhury had an almost ten (10) year

period of good employee performance ratings at Brioni and it is alleged Brioni did not conduct a

legally sound and respectful termination of him effective on December 11, 2015.

**Retaliatory (Wrongful) Discharge of Chowdhury on 2/11/15 by Denny Cruz of Brioni;
Chowdhury Reported to him Potential Safety Violations & NYLL FLSA accounting
discrepancies then terminated;
Liakat reported NYLL FLSA accounting discrepancies then received written internal
warnings from Denny Cruz as a pretext for his Retaliatory (Wrongful) Discharge**

35.     Plaintiff CHOWDHURY was wrongfully discharged, in retaliation for (i)

reporting at Brioni to his supervisor about non-payment of overtime for deliveries for Brioni

which were made by plaintiffs and other members of the Class during the course of their entire

employment to its customers for 2 ½ to 3 hours daily on average, deliveries completed with a

prepaid metro card , made after employees were forced to "punch out" and never compensated

by the defendants' for overtime and spread of hours thereby violating the NYLL; and (ii) his

reporting a Fire Code Violation ("FCV") at 57 East 57th Street to his store's immediate

supervisor a Mr. Denny Cruz, (who declined to correct the FCV); but did decide to retaliate and

conducted the termination by discharging him using as a pretext, contrived and invented

violations of company policies.

36.     Although Plaintiffs CHOWDHURY and LIAKAT  punched out on a daily basis, their workday was not over  because they were required by the employer to continue to work on Brioni assigned tasks, utilizing a pre-paid Metro Card provided by it intended for transportation costs of employee in order to make personal deliveries to store customers of goods and merchandise for Brioni; Neither CHOWDHURY and LIAKAT, although working for Brioni at its request, making daily deliveries of customers merchandise  as  agreed upon, continued employment on the clock as overtime  of an additional 2 ½ to 3 hours daily for their employer, averaging thirteen (13) or more overtime hours per work week dating back to the commencement of their employment, they were not compensated although payment was promised and anticipated.

37.     When Defendants directed Plaintiffs CHOWDHURY and LIAKAT and, upon information and belief, the Rule 23 Class and Collective Action Members, to daily work beyond punching out (overtime and spread of hour pay accrued for the daily and weekly hours beyond the hours on the punch clock) the fact they actually clocked out still entitled them to be paid for Brioni deliveries made after clocking out (as it was too difficult to return that late at night and they had to go home to return to work the next morning at 9:00am), which overtime averaged 2-1/2 to 3 hours daily past each shift) the time averaging thirteen (13) or more overtime hours per work week; then although working for Brioni, defendants did not pay CHOWDHURY and LIAKAT and the Rule 23 Class and Collective Action Members for these overtime and spread of hours, hours.

38     Plaintiffs CHOWDHURY and LIAKAT and, upon information and belief, the Rule 23 Class and Collective Action Members did daily work beyond punching out time (not

being paid overtime or spread of hours for the daily and weekly hours beyond the hours on the

punch clock) actually clock out then not be paid for Brioni deliveries made after clocking out,

which averaged 2-1/2 to 3 hours past his shift Defendants worked past the shift also without

receiving the spread-of-hours pay.

39.     Upon information and belief, Defendants did not inform Plaintiffs

CHOWDHURY and LIAKAT or the Rule 23 Class and Collective Action Members of the

minimum wage, overtime or the spread-of-hours pay provisions of the FLSA or the NYLL.

Although Plaintiff SOHEL A. CHOWDHURY, and, upon information and belief, the Rule

23 Class and Collective Action Members often worked more than forty (40) hours per

workweek, after clocking out to make deliveries for Brioni.

40.     Upon information and belief,  Defendants did not pay Plaintiffs CHOWDHURY

and LIAKAT or the Rule 23 Class and Collective Action Members for any hour worked in

excess of "punch out" and/or "clock out time" which averaged 2-1/2 to 3 hours daily past each

employees' shift averaging thirteen (13) or more unpaid overtime hours per workweek.

41     Upon information and belief, Defendants did not pay Plaintiff s CHOWDHURY

and LIAKAT and the Rule 23 Class and Collective Action Members premium pay of one and

one-half (1 ½) times their regular rate of pay for any hours they worked in excess of forty (40)

("overtime") which averaged additional 2-1/2 to 3 hours daily past individual shift averaging

thirteen (13) or more overtime hours per workweek.

.       Although the wage statements of Plaintiffs CHOWDHURY and LIAKAT

and, upon information and belief, the Rule 23 Class and Collective Action Members state

that they were paid overtime, Defendants only paid them overtime limited to time on the

"Punch Card" requiring them to clock out on the "Punch Card" and then make the

deliveries to Brioni customers extending their daily work shift which extension averaged

2-1/2 to 3 hours daily extra work past individual shift averaging thirteen (13) or more

overtime hours per workweek.

42      Upon information and belief, Defendants paid Plaintiffs CHOWDHURY and

LIAKAT and the Collective Action and the Rule 23 Class Members every week.

43.     Throughout the Class and Collective Action Period, upon information and belief,

Defendants failed to maintain accurate and sufficient time records.

44.     While working for Defendants, Plaintiffs CHOWDHURY and LIAKAT did not

see any poster or notice in any area where they worked notifying or explaining their minimum

wage and overtime pay rights under the NYLL and FLSA.

45.     Upon information and belief, Defendants violated Labor Law § 195(1) by failing

to notify Plaintiffs CHOWDHURY and LIAKAT and other Rule 23 Class Members at the time

of hiring of the rate of pay and of the regular payday designated by Defendants.

46.     Upon information and belief, Defendants violated Labor Law § 191(1)(a) by

failing to pay Plaintiffs CHOWDHURY and LIAKAT and other Rule 23 Class Members

weekly as required by statute.

47.     Upon information and belief, Defendants violated Labor Law § 195(3) by

failing to furnish Plaintiffs CHOWDHURY and LIAKAT and other Rule 23 Class Members

with a statement with every payment of wages, listing gross wages, deductions and net

wages, and an explanation of how such wages were computed including hours worked in

excess of "punch out" and/or "clock out time" which averaged 2-1/2 to 3 hours daily past

each employees' shift averaging thirteen (13) or more unpaid overtime hours per workweek.

48.    Upon information and belief, Defendants violated Labor Law § 195(4) by failing

to establish, maintain and preserve for not less than six (6) years payroll records showing the

hours worked, gross wages, deductions and net wages for each employee including delivery

records for hours worked in excess of "punch out" and/or "clock out time" which averaged

2-1/2 to 3 hours daily past each employees' shift averaging thirteen (13) or more unpaid

overtime hours per workweek.

49.    Upon information and belief, Defendants violated Labor Law § 198-d by failing

to post as required by statute.

50.    Upon information and belief, Plaintiffs CHOWDHURY and LIAKAT both

informed the defendants, individually of the unpaid hours worked in excess of "punch out"

and/or "clock out time" which averaged 2-1/2 to 3 hours daily past each employees' shift

averaging thirteen (13) or more unpaid overtime hours per workweek plus unpaid spread of

hours pay after 40 or more hours were completed on "Punch Clock"

51.    Upon information and belief, Plaintiff CHOWDHURY after being transferred

from the 52nd to 57th Street store of the defendants, and working in the basement of the store

located at 57 East 57th Street, Manhattan,   informed the defendants, individually and

collectively on numerous occasions of the existence of a Fire Hazard, the Violation of the

Fire Code of the City of New York by Management's blocking the basement exit door that

leads to and provides egress to the elevator in the basement and if not corrected he would

Report the Violation directly to the Fire Department.

52.    Upon information and belief, Plaintiff CHOWDHURY was wrongfully

wrongful discharge d in retaliation for the fact he informed the defendants of the following:

(a)  Request to be paid  for the unpaid hours worked in excess of "punch out" and/or "clock out time" which averaged 2-1/2 to 3 hours daily past each employees' shift averaging thirteen (13) or more unpaid overtime hours per workweek plus unpaid spread of hours pay after 40 or more hours were completed on "Punch Clock; and

(b) Request, on numerous occasions for correction of the existence of two Fire Hazards, non-Code compliance and Violation of the Building Code of the City of New York ("Code") by Management's:
 (i) intentional blocking of the basement exit door that leads to and provides egress to the elevator in the basement of 57 East 57th Street Building; and
(ii) intentional blocking of staircase, handrails and guards leading from basement to next level above  with large quantities of  boxed merchandise totally blocking 2nd means of egress form basement in event of  fire; and
(iii) If not corrected by Mr. Denny Cruz, Plaintiff CHOWDHURY would call 311 and report the Non-code Compliance and Violations to the Building and Fire Departments.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT-UNPAID OVERTIME
(Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT
and the Collective Action Members)

53.      Plaintiffs  CHOWDHURY  and  LIAKAT  repeat  and  reallege  each  and  every allegation of the preceding paragraphs numbered "1" through "52" as if set forth fully herein.

54.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members within the meaning of the FLSA.

56.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

57.     Plaintiffs CHOWDHURY and LIAKAT consent in writing to be parties to this

17

action under 29 U.S.C. §216(b). Plaintiffs CHOWDHURY and LIAKAT's written consents are attached hereto and incorporated by reference.

58.    Defendants were required to pay Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a) (l) and 215(a).

59.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per *workweek as regards deliveries made to Brioni customers post "Punch Out" time from the Brioni store.*

60.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of CHOWDHURY and LIAKAT and the Collective Action Members.

61.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages *as regards deliveries made to Brioni customers post "Punch Out" time from the Brioni store.*

62.    Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members were employed, violating 29 C.F.R. § 516.4.

63.   As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a) (l) and 215(a).

64.   Because Defendants' violations of the FLSA have been willful, a three- year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

65.   As a result of Defendants' violations of the FLSA, CHOWDHURY and LIAKAT and the Collective Action Members \have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION

NEW YORK LABOR LAW-UNPAID OVERTIME
(Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT
and the Rule 23 Class Members)

66.   Plaintiffs CHOWDHURY and LIAKAT repeat and reallege each and every allegation of the preceding paragraphs numbered "1" through "65" as if set forth fully herein.

67.   Defendants are employers within the meaning of NYLL §§ 190, 196-d,

651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members.

68.    The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members.

69.    Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.3.

70.    Upon information and belief, Defendants failed to furnish Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class a statement with every payment of wages listing hours worked, rates paid, gross wages, violating the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.2.

71.    Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) hours or more  per workweek.

72.    Defendants failed to pay the Rule 23 Class Members the overtime wages to which they were entitled under the NYLL.

73.    Defendants have willfully violated the NYLL by knowingly and intentionally

failing to pay the Rule 23 Class Members the correct amount of overtime wages.

74.    Due to Defendants' violations of the NYLL, Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

NEW YORK LABOR LAW-SPREAD-OF-HOURS PAY
(Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT
and the Rule 23 Class Members)

75.    Plaintiffs CHOWDHURY and LIAKAT repeat and reallege each and every allegation of the preceding paragraphs numbered "1" through "74" as if set forth fully herein.

76.    Defendants have willfully failed to pay Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than ten (10) hours.

77.    By Defendants' failure to pay Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

78.    Due to Defendants' violations of the NYLL, Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this

## FOURTH CAUSE OF ACTION

### NEW YORK LABOR LAW-RETALIATION
(Brought on Behalf of CHOWDHURY)

79.    Plaintiff CHOWDHURY repeats and realleges each and every allegation of

the preceding paragraphs numbered "1" through "78" as if fully set forth herein.

80.    Plaintiff CHOWDHURY is an employee within the meaning of NYLL § 215.

81.    Defendants are employers within the meaning of NYLL § 215.

82.    Plaintiff CHOWDHURY's Complaints alleging NYLL violations, constitutes

protected activity under the NYLL as follows:

a) Request to be paid for the unpaid hours worked in excess of "punch out" and/or "clock out time" which averaged 2-1/2 to 3 hours daily past each employees' shift averaging thirteen (13) or more unpaid overtime hours per workweek plus unpaid spread of hours pay after 40 or more hours were completed on "Punch Clock; and

(b) Request, on numerous occasions for correction of the existence of two Fire Hazards, non-Code compliance and Violation of the Building Code of the City of New York ("Code") by Management's:
 (i) intentional blocking of the basement exit door that leads to and provides egress to the elevator in the basement of 57 East 57th Street Building; and
(ii) intentional blocking of staircase, handrails and guards leading from basement to next level above with large quantities of boxed merchandise totally blocking 2nd means of egress form basement in event of fire; and
(iii) If not corrected by Mr. Denny Cruz, Plaintiff CHOWDHURY would call 311 and report the Non-code Compliance and Violations to the Building and Fire Departments.

83.    Almost immediately after making the above Complaints, Defendants by its

Operations Manager a Mr. Denny Cruz began threatening and harassing Plaintiff

CHOWDHURY' with the goal of having him withdraw his earlier Complaints enumerated

elsewhere herein

84.    Upon information and belief, Plaintiff CHOWDHURY's earlier Complaint

motivated Defendants' harassment and intimidation of him leading to his wrongful wrongful

discharge on December 11, 2015 notwithstanding his having received "Good

Performance Ratings" for his entire career with Brioni until he made the complaints as

enumerated herein. .

**Duty of defendants to preserve relevant evidence enacted by NYLL & FLSA Statutes;**
**Destruction intentionally of overtime & spread of hours evidence by the defendants;**
**A causal connection exists from destruction because it deprives defendants of the**
**Ability to present relevant evidence; New York Courts favor evidentiary sanctions**

85.    A causal connection exists between Plaintiff CHOWDHURY's e a r l i e r

Complaints and Defendants' s u b s e q u e n t  harassment and intimidation as defendants upon

information and belief,  have within the past sixty (60) days intentionally sought to destroy and have

destroyed original evidence of statutory authorized overtime (NYLL &FLSA) in its possession for many

years, i.e. proof of the overtime deliveries by the plaintiffs of  Brioni Merchandise to its customers after

"Punching Out", original overtime delivery documents, demonstrating although overtime earned

by plaintiffs and class members, no overtime or spread of hours had been paid as alleged herein.

86.   Defendants' harassment and intimidation constitutes unlawful retaliation under the

NYLL.

87.    Defendants violated NYLL § 215 by retaliating against Plaintiff CHOWDHURY

For filing the Complaints.

88.    Due to Defendants' violations of the NYLL, Plaintiff CHOWDHURY

is entitled to recover from Defendants liquidated and/or punitive damages, reasonable

attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and

proper.

### FIFTH CAUSE OF ACTION

FAIR LABOR STANDARDS ACT-RETALIATION
(Brought on Behalf of Plaintiff CHOWDHURY)

89.   Plaintiff CHOWDHURY repeats and realleges each and every allegation of

the preceding paragraphs numbered "1" through "88"  as if fully set forth herein.

90.   Plaintiff CHOWDHURY is an employee  within the meaning of 29 U.S.C. §

215(a) (3) of the FLSA.

91.   Defendants are employers within the meaning of 29 U.S.C. § 215(a) (3) of the

FLSA.

92   Plaintiff CHOWDHURY's Complaints alleging violations, constitutes

protected activity under the FLSA as follows:

a) Request to be paid  for the unpaid hours worked in excess of "punch out" and/or "clock out
time" which averaged 2-1/2 to 3 hours daily past each employees' shift averaging thirteen (13) or
more unpaid overtime hours per workweek plus unpaid spread of hours pay after 40 or more
hours were completed on "Punch Clock; and

(b) Request, on numerous occasions for correction of the existence of two Fire Hazards, non-
Code compliance and Violation of the Building Code of the City of New York ("Code") by
Management's:
 (i) intentional blocking of the basement exit door that leads to and provides egress to the elevator
in the basement of 57 East 57th Street Building; and
(ii) intentional blocking of staircase, handrails and guards leading from basement to next level
above  with large quantities of  boxed merchandise totally blocking 2nd means of egress form
basement in event of  fire; and
(iii) If not corrected by Mr. Denny Cruz, Plaintiff CHOWDHURY would call 311 and report the
Non-code Compliance and Violations to the Building and Fire Departments.

93.   Almost immediately after making the above Complaints, Defendants by its

Operations Manager a Mr. Denny Cruz began threatening and harassing Plaintiff

CHOWDHURY' with the goal of having him withdraw his earlier Complaints

enumerated elsewhere herein. The wrongful discharge of Plaintiff CHOWDHURY was

for a discriminatory reason, contradictory to public policy.

Duty of defendants to preserve relevant evidence enacted by NYLL & FLSA Statutes;
Destruction intentionally of overtime & spread of hours evidence by the defendants;
A causal connection exists from destruction because it deprives defendants of the
Ability to present relevant evidence; New York Courts favor evidentiary sanctions

94.     A causal connection exists between Plaintiff CHOWDHURY's e a r l i e r
Complaints and Defendants' s u b s e q u e n t  harassment and intimidation as defendants upon
information and belief,  have within the past sixty (60) days intentionally sought to destroy and have
destroyed original evidence of authorized overtime in its possession for many years, proof of the overtime
deliveries by the plaintiffs of  Brioni Merchandise to its customers after "Punching Out", original
documents demonstrating although earned by plaintiffs, no overtime and spread of hours had
been paid as alleged herein.

95.    Defendants' harassment and intimidation constitutes unlawful retaliation under
the FLSA.

96.    Defendants violated 29 U.S.C. § 215(a) (3) of the FLSA by retaliating against
Plaintiff for asserting the Complaint.

97.     Due to Defendants' violations of the FLSA, Plaintiff CHOWDHURY'
is entitled to recover from Defendants punitive damages, reasonable attorneys' fees, costs, and
such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CHOWDHURY and LIAKAT, on behalf of themselves, the
Rule 23 Class and Collective Action Members, respectfully request this Court grant the
following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b) (2) and

25

(3) On behalf of the Rule 23 Class Members and appointing Plaintiffs CHOWDHURY and LIAKAT and their counsel to represent the Rule 23 Class;

b.   Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs CHOWDHURY and LIAKAT and their Counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of unpaid overtime compensation, minimum wages to Plaintiffs CHOWDHURY and LIAKAT under the FLSA and NYLL and an award of unpaid spread-of-hours pay under the NYLL; and

f.   An award of liquidated and/or punitive damages to CHOWDHURY and LIAKAT as a result of the Defendants' willful failure to pay overtime compensation, minimum wages, spread-of-hours pay, under 29 U.S.C. § 216

and the NYLL;

g.      An award of liquidated and/or punitive damages, reasonable attorneys'

fees, costs, and such other legal and equitable relief as this Court deems

just and proper for Defendants' unlawful retaliation against Plaintiff

CHOWDHURY under the NYLL and FLSA.

h.      Equitably tolling the statute of limitations under the FLSA;

i.      An award of prejudgment and post-judgment interest;

J.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

k.      Imposing Sanctions upon the defendants for intentional destruction of records

of employment; and

l       Such other and further relief as this Court deems just and proper

## DEMAND FOR JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs CHOWDHURY and LIAKAT demand a

trial by jury on all questions of fact this Class and Collective Action Complaint raises.

Dated: Hawthorne, New York

January 5, 2015

MORRISON LAW OFFICES WESTCHESTER, P.C.
by; Arthur Morrison,
/s/ Arthur Morrison
Attorneys for Plaintiffs
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-980-7244
(F) 914-592-3482
E-mail lawnyu63@gmail.com

Morrison-Tanenbaum, P.L.L.C.
by; Lawrence F. Morrison,
/s/ Lawrence F. Morrison
Attorneys for Plaintiffs
87 Walker Street
New York, New York 10013
(T) 212-620-0938
(F) 646-390-5095
E-mail morrlaw@aol.com

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the prosecution of claims in my name and on my behalf to contest the failure of
BRIONI RETAIL NEW YORK INC., ROMAN LOOK, LTD. D/b/a BRIONI to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

/s/ _____   January 5, 2016   SOHEL A. CHOWDHURY,
Signature                            Date                    Print Name

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the prosecution of claims in my name and on my behalf to contest the failure of
BRIONI RETAIL NEW YORK INC., ROMAN LOOK, LTD. D/b/a BRIONI to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the

representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


/s/                          Jan. 5, 2016                  , ALI SK LIAKAT     ,

SK. Siddol Ali
Signature                    Date                          Print Name