UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SOHEL A. CHOWDHURY, ALI SK LIAKAT
Individually and behalf of all other persons
similarly situated,

                          Plaintiffs,

  -v-                                             Case No.: 16-Cv-0344

BRIONI RETAIL NEW YORK INC.,
ROMAN LOOK, LTD d/b/a BRIONI
and DENNY CRUZ individually; and        **ANSWER TO COMPLAINT**
ABC CORPORATIONS #1-10, and
JOHN DOES #1-10, Jointly and Severally,

                          Defendants
----------------------------------------------------------x

Defendants BRIONI RETAIL NEW YORK ("BRIONI"), and DENNY CRUZ ("Defendants"), by and through their attorneys, Gordon & Rees LLP, as and for their answer to the Complaint filed by Plaintiffs SOHEL CHOWDHURY and ALI SK LIAKAT respectfully allege as follows:

Defendant deny that they violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq*, ("FLSA"), New York Labor Law §190, 196-d ("NYLL"), New York State Department of Labor Regulations §137-2.3 ("N.Y.C.R.R") and any other laws or legal obligations to Plaintiff whether statutory or at common law. To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

## ANSWERING NATURE OF THE ACTION

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs purport to bring this action under the FLSA and seek liquidated damages under the FLSA.

1

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint except admit that Plaintiffs purport to bring this action as a class action under Fed. R. Civ. P. 23 for alleged violations under NYLL and seek liquidated damages under FLSA.

## ANSWERING "JURISDICTION AND VENUE"

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint except admit that Plaintiffs purport to set forth the basis of this court subject matter and supplemental jurisdiction, and respectfully refer the Court to the statute.

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint except admit that Plaintiffs purport to set forth the basis for venue in this district, and refer the Court to the statute.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint except admit that Plaintiffs purport to set fort the basis for this Court's power to issue a declaratory judgment, and respectfully refer the Court to the statute.

## ANSWERING "THE PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff SOHEL CHOWDHURY is an adult.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff ALI SK LIAKAT is an adult.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that BRIONI is a domestic corporation that exists and operates in the state of New York.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.[1]

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that Defendant DENNY CRUZ is an employee of BRIONI.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint except admit that BRIONI is engaged in the production of goods for commerce and has an annual gross volume of business of $500,000.

15. Defendants deny the allegations set forth in paragraph "15" of the Compliant.

### ANSWERING "COLLECTIVE ACTION ALLEGATIONS"

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint, and deny that this action should be brought as a collective action under FLSA and respectfully refer the Court to the statute.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

---

[1] Upon information and belief, Roman Look LTD is a corporation that no longer exists.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint, including sub-paragraphs "20(a)", "20(b)", "20(c)", "20(d)", "20(e)", "20(f)", "20(g)", "20(h)", "20(i)", "20(j)", "20(k)", and "20(l)" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "CLASS ACTION ALLEGATIONS"

21. Defendants state that paragraph "16" of the Complaint states Plaintiffs intention to sue on behalf of themselves and other persons under Fed. R. Civ. P. 23 (a), (b)(2) and (b)(3), to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "21" of the Complaint, and deny that this action should be brought as a class action under Fed. R. Civ. P. 23(a), and respectfully refer the Court to the statute.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint, and deny that this action should be brought as a collective action under FLSA and respectfully refer the Court to the statute.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint, including sub-paragraphs "28(a)", "28(b)", "28(c)", "28(d)", "28(e)", "28(f)",

"28(g)", "28(h)", "28(i)", and "28(j)" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "STATEMENT OF FACTS"

29. Defendants admit the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiff SOHEL CHOWDHURY worked for Defendant BRIONI for a period of time.

31. Defendants admit the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit that Defendant BRIONI has a number of employees in various roles and capacities.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

### ANSWERING "Retaliatory (Wrongful) Discharge of Chowdhury 2/11/15 by Denny Cruz of Brioni; Chowdhury Reported to him Potential Safety Violations & NYLL FLSA accounting discrepancies then terminated; Liakat reported NYLL FLSA accounting discrepancies then received written internal warnings from Denny Cruz as a pretext for his Retaliatory (Wrongful) Discharge"

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer all matters of law to the Court.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint, and respectfully refer all matters of law to the Court.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint, and respectfully refer all matters of law to the Court.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer all matters of law to the Court.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint, and respectfully refer all matters of law to the Court.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer all matters of law to the Court.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint, and respectfully refer all matters of law to the Court.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint, including sub-paragraphs "52(a)", "52(b)", "52(b)(i)", "52((b)(ii)", and "52(b)(iii)" of the Complaint and respectfully refer all matters of law to the Court.

## ANSWERING "FIRST CAUSE OF ACTION FAIR LABOR STANDARDS ACT – UNPAID OVERTIME (Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT and the Collective Action Members.

53. In response to paragraph "53" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "52" as if fully restated herein.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employer."

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint, except admit that Plaintiff SOHEL CHOWDHURY worked at BRIONI for some time and Plaintiff ALI SK LIAKAT currently works at BRIONI.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint, except admit that Defendant BRIONI has had gross revenues in excess of $500,000.

57. Defendants deny the allegations set forth in paragraph "57" off the Complaint, except admit that written consents of Plaintiffs SOHEL CHOWDHURY and ALI SK LIAKAT were attached to Plaintiffs' Complaint.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint, and respectfully refer all matters of law to the Court.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint, and respectfully refer all matters of law to the Court.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer all matters of law to the Court.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint, and respectfully refer all matters of law to the Court.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer all matters of law to the Court.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer all matters of law to the Court.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "SECOND CAUSE OF ACTION NEW YORK LABOR LAW – UNPAID OVERTIME (Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members)"

66. In response to paragraph "66" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "65" as if fully restated herein.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employer."

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint, and respectfully refer all matters of law to the Court.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint, and respectfully refer all matters of law to the Court.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint, and respectfully refer all matters of law to the Court.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint, and respectfully refer all matters of law to the Court.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "THIRD CAUSE OF ACTION NEW YORK LABOR LAW – SPREAD OF HOURS PAY (Brought on Behalf of Plaintiffs CHOWDHURY and LIAKAT and the Rule 23 Class Members"

75. In response to paragraph "75" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "74" as if fully restated herein.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint, and respectfully refer all matters of law to the Court.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint, and respectfully refer all matters of law to the Court.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

### ANSWERING "FOURTH CAUSE OF ACTION NEW YORK LABOR LAW-RETALIATION (Brought on Behalf of CHOWDHURY)"

79. In response to paragraph "79" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "78" as if fully restated herein.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employee."

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employer."

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint, including sub-paragraphs "82(a)", "82(b)", "82(b)(i)", "82(b)(ii)", and "82(b)(iii)" of the Complaint and respectfully refer all matters of law to the Court.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

**ANSWERING "Duty of defendants to preserve relevant evidence enacted by NYLL & FLSA Statues; Destruction intentionally of overtime & spread of hours evidence by the defendants; A casual connection exists from destruction because it deprives defendants of the Ability to present relevant evidence; New York Courts favor evidentiary sanctions."**

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint, and respectfully refer all matters of law to the Court.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint, and respectfully refer all matters of law to the Court.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint, and respectfully refer all matters of law to the Court.

88. Defendants deny the allegations set forth in paragraph "88" of the Complaint.

### ANSWERING "FIFTH CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT-RETALIATION
### (Brought on Behalf of Plaintiff CHOWDHURY)"

89. In response to paragraph "89" of the Complaint, Defendants repeat and reaffirm each and every response made in paragraphs "1" through "88" as if fully restated herein.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employee."

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint, and respectfully refer the Court to the relevant statutes for the definition of an "employer."

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint, including sub-paragraphs "92(a)", "92(b)", "92(b)(i)", "92(b)(ii)", and "92(b)(iii)" of the Complaint and respectfully refers all matters of law to the Court.

93. Defendants deny the allegations set forth in paragraph "93" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "Duty of defendants relevant evidence enacted by NYLL & FLSA Statutes; Destruction intentionally of overtime & spread of hours evidence by the defendants; A casual connection exists from destruction because it deprives defendants of the Ability to present relevant evidence; New York Courts favor evidentiary sanctions"

94. Defendants deny the allegations set forth in paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in paragraph "95" of the Complaint, and respectfully refer all matters of law to the Court.

96. Defendants deny the allegations set forth in paragraph "96" of the Complaint, and respectfully refer all matters of law to the Court.

97. Defendants deny the allegations set forth in paragraph "97" of the Complaint.

## ANSWERING "PRAYER FOR RELIEF"

98. The paragraphs immediately following paragraph "97" of the Complaint state requests for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

99. The Complaint fails to state a claim upon which relief can be granted or for which recovery sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

101. Plaintiffs seek relief which they are not entitled to receive under applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

102. Plaintiffs have been paid all amounts that are required under applicable federal, New York State and New York City laws and the Defendants have complied with all that is required under applicable laws.

## FIFTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claims are barred in part or in whole by the doctrines of estoppel, laches, unclean hands and waiver.

### SIXTH AFFIRMATIVE DEFENSE

104. Defendants at all times, acted reasonably, in good faith and without any willful or intentional misconduct.

### SEVENTH AFFIRMATIVE DEFENSE

105. Plaintiffs' claims are barred because some of the activities for which they demand compensation are *de minimis* under applicable laws.

### EIGHTH AFFIRMATIVE DEFENSE

106. Defendants were not Plaintiffs' employer under applicable laws.

### NINTH AFFIRMATIVE DEFENSE

107. Plaintiffs' claims are preempted by federal and/or state law.

### TENTH AFFIRMATIVE DEFENSE

108. The individual Defendant, Denny Cruz, is not an "employer" under applicable laws.

### ELEVENTH AFFIRMATIVE DEFENSE

109. There is no liability for the individual Defendant, Denny Cruz.

### TWELFTH AFFIRMATIVE DEFENSE

110. Defendants are not joint employers under applicable laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

111. Defendants believed in good faith and had reasonable grounds to believe that Plaintiffs were exempt from the overtime requirements of the FLSA and NYLL.

### FOURTEENTH AFFIRMATIVE DEFENSE

112. Plaintiffs are not similarly situated to the putative class members and, as such, should not be part of any action under FLSA.

### FIFTEENTH AFFIRMATIVE DEFENSE

113. Plaintiffs are not adequate representatives of the putative class members and, as such, should not be part of any action under the FLSA or NYLL.

### SIXTEENTH AFFIRMATIVE DEFENSE

114. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §258(a) and 259(a), because Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinions letters and regard to some or all of the acts or omissions alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

115. The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C §216(b).

### EIGTEENTH AFFIRMATIVE DEFENSE

116. The case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared the individual facts and issues particular to Plaintiffs and to the purported class members.

### NINTH AFFIRMATIVE DEFENSE

117. Plaintiffs cannot establish and maintain a class action because they cannot satisfy the numerosity requirement under Fed. R. Civ. P. Rule 23.

### TWENTIETH AFFIRMATIVE DEFENSE

118. Plaintiffs cannot establish and maintain a class action because they cannot demonstrate that a class action is superior to other methods available for resolving the issues raised in this Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

119. Plaintiffs cannot establish and maintain a class action because the class members' geographic area would make adjudicating this controversy as a class action unduly difficult and this Court is not a proper venue for claims of the purported unidentified additional Plaintiffs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

120. Plaintiffs cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity of the issues in this case.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

121. Plaintiffs are exempt from overtime compensation pursuant to the FLSA and NYLL.

**TWENTY-THIRD SECOND AFFIRMATIVE DEFENSE**

122. Defendants reserve the right to offer additional defenses, which cannot now be articulated due to Plaintiffs' failure to particularize their claims. Upon further particularization of the claims by Plaintiffs, or upon further information concerning Defendants' defenses, Defendants reserve the right to assert additional defenses.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiff's Complaint with prejudice, together with the costs and disbursements of this action and all other and further relief that this court deems just and proper.

Dated: New York, NY
      June 30, 2016

Respectfully Submitted,

GORDON & REES LLP

By: /s/ *Annette Aletor*
Mercedes Colwin
Jay Blumenkopf
Annette Aletor
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500

*Attorneys for Defendants*
BRIONI RETAIL LTD and
DENNY CRUZ