```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
                                                    │ DOC #: _____           │
                                                    │ DATE FILED: __7/7/2016__    │
                                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
SOHEL A. CHOWDHURY, et al.          :
*Individually and on behalf of all other persons similarly*  :
*situated*,          :    16-CV-344 (VSB)
          :
          Plaintiffs,  :    NOTICE OF INITIAL
          :    PRETRIAL CONFERENCE
    -v-          :
          :
DENNY CRUZ, et al.          :
          :
          Defendants.  :
          :
------------------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      This case, involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, has been assigned to this Court for all purposes. In the Court's experience, cases involving FLSA claims often benefit from early mediated settlement discussions. To that end, by separate Order to be entered today, **the Court is referring this case to the assigned Magistrate Judge for settlement purposes**. Unless and until the Court orders otherwise, **no later than one week after the date of this order**, the parties shall contact the Chambers of the assigned Magistrate Judge to schedule a settlement conference to take place *before* the initial pretrial conference scheduled below. Further, to facilitate those settlement discussions, the parties shall, **no later than three weeks after the date of this order**, exchange limited discovery (including, for example, payroll records, time sheets, and, if applicable, proof of financial condition) in aid of settlement; the parties shall confer with respect to the scope of such limited discovery and promptly raise any disputes with the assigned Magistrate Judge in accordance with his or her Individual Rules and Practices.

      If the parties believe that early mediated settlement discussions would not be appropriate in this case (for example, because they believe that settlement discussions should be deferred until after collective-action or class-action motion practice), they shall file a letter motion seeking relief from the foregoing requirements no later than the deadline to answer. Additionally, if the parties believe that additional time is needed for the settlement process contemplated by this Order (for example, because of a delay in service on, or the appearance of, a defendant or because the assigned Magistrate Judge is unavailable to hold a settlement conference before the initial pretrial conference scheduled below), the parties may file a letter motion (with this Court, not the assigned Magistrate Judge) seeking an appropriate extension of the deadlines herein or a reasonable adjournment of the initial pretrial conference.

      The parties are reminded that, in most cases, settlements of claims under the FLSA must be filed publicly and scrutinized by the Court to ensure that they are fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) (discussing factors to be considered in evaluating the fairness and reasonableness

of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award and addressing whether a FLSA settlement agreement can remain confidential). Further, it is this Court's practice to review all FLSA settlements, including those reached through an accepted Fed. R. Civ. P. 68 offer of judgment and voluntary dismissals without prejudice. In light of that, the parties are likely to have two options in the event that they reach a settlement. First, they could submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See* 900 F. Supp. 2d at 335-36. (Any such letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel, with documentation to support the latter, if appropriate.) Second, the parties may consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If the parties reach a settlement with the assistance of the assigned Magistrate Judge, the latter option may be the more efficient.

Separate and apart from the foregoing, ORDERED that counsel for all parties appear for an initial pretrial conference on October 13, 2016 at 10:15 a.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED that, by October 6, 2016, the parties submit a joint letter, not to exceed three (3) pages, providing the following information in separate paragraphs:

1. A brief description of the nature of the action and the principal defenses thereto;

2. A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;

3. A brief description of all contemplated and/or outstanding motions;

4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;

5. A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;

6. The estimated length of trial; and

7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

IT IS FURTHER ORDERED that, by October 6, 2016, the parties jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Broderick. The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at http://www.nysd.uscourts.gov/ecf/ecf_rules_080113.pdf.

SO ORDERED.

Dated: July 7, 2016
New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge