UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SOHEL A. CHOWDHURY, ALI SK LIAKAT
Individually and behalf of all other persons
similarly situated,

                                  Plaintiffs,

   -against-                                       Case No.: 16-CV-0344 (VSB)(HBP)

BRIONI AMERICA, INC., d/b/a BRIONI        **ANSWER TO AMENDED COMPLAINT**
BRIONI AMERICA HOLDING, INC.
DENNY CRUZ

                                  Defendants
----------------------------------------------------------x

       Defendants BRIONI AMERICA, INC. d/b/a BRIONI ("Brioni"), BRIONI AMERICA HOLDING, INC. ("Brioni Holding"), and DENNY CRUZ ("Cruz") (collectively "Defendants"), for their answer to the Amended Complaint ("Complaint") filed by Plaintiffs SOHEL CHOWDHURY ("Chowdhury") and ALI SK LIAKAT ("Liakat") (collectively "Plaintiffs"):

       Defendants deny that they violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq*, ("FLSA"), New York Labor Law §190, 191, 195(1), 651(5) and 652 ("NYLL"), New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("N.Y.C.R.R"), the New York State Human Rights Law, N.Y Exec. L. §296, *et seq.* ("NYSHRL"), New York City Human Rights Law, N.Y.C Admin. Code §8-107 ("NYCHRL") and any other laws or legal obligations to Plaintiffs whether statutory or at common law. To the extent not expressly admitted, all allegations set forth in the Complaint are specifically denied.

## ANSWERING NATURE OF THE ACTION

1.     Defendants deny the allegations set forth in paragraph "1" of the Complaint.

2.     Defendants deny the allegations set forth in paragraph "2" of the Complaint.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint except admit that Plaintiffs purport to bring various claims pursuant to the FLSA, NYLL, NYSHRL and NYCHRL.

### ANSWERING "JURISDICTION"

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint except admit that Plaintiffs purport to set forth the basis for this Court's jurisdiction.

### ANSWERING "VENUE"

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint except admit that Plaintiffs purport to set forth the basis for venue in this district.

8. Defendants admit that NYLL §215(2)(b) speaks for itself, but except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendants admit that Section 8-502(c) of the NYCHRL speaks for itself, but except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

### ANSWERING "THE PARTIES"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants admit that Chowdhury is originally from Bangladesh, practices Islam, and is Bengali, but except as so admitted deny the allegations set forth in paragraph "9" of the Complaint.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint except admit that Chowdhury was an employee of Brioni for a period of time.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendants admit the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint except admit that Liakat has been an employee of Brioni for a period of time.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint except admit that Plaintiffs purport to set forth a legal conclusion.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that Brioni is a domestic corporation that exists and operates in the state of New York.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint except admit that Brioni currently operates a retail store in New York, New York.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint except admit that Plaintiff purports to set forth a legal conclusion.

20. Defendants admit the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint except admit that Plaintiff purports to set forth a legal conclusion.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint, except admit that Brioni Holding is a domestic corporation in the state of New York.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint except admit that Plaintiffs purport to set forth a legal conclusion.

24. Defendants admit the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint except admit that Plaintiffs purports to set forth a legal conclusion.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint except admit that Plaintiffs purport to set forth a legal conclusion.

28. Defendants admit the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint except admit that Cruz, as Chowdhury's supervisor, along with Francesca Tirro, Brioni's Human Resources Manager, was involved in the decision to terminate Chowdhury's employment with Brioni.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint except admit that Plaintiffs purports to set forth a legal conclusion.

## ANSWERING "FACTUAL ALLEGATIONS"

32. Defendants admit the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint except admit that Chowdhury worked for Brioni in its 52nd Street location and Liakat worked for Brioni in its 57th Street location and presently works in its Brioni's sole remaining retail store location at 688 Madison Ave, New York, NY 10022.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37' of the Complaint except admit that Plaintiffs were responsible for clocking in and clocking out upon their entry and departure and when they didn't clock out, they would report their hours worked to a supervisor who would sign off on a timecard submitted to the Brioni's third party payroll vendor and Plaintiffs would be paid for all of the hours they worked.

38. Defendants admit the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint except admit that Plaintiffs purport to set forth a legal conclusion.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants admit the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint except admit that Brioni employs and has employed numerous employees of Bangladeshi origin and Muslim faith.

52. Defendants admit the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint except admit that Chowdhury and other non-Muslim, non-Bangladeshi employees were disciplined for tardiness in or around September 2015.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint except admit that Chowdhury and Liakat were disciplined for failing to open and check boxes transferred from the 52nd Street Store to the 57th Street Store.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint except admit that Chowdhury was disciplined for failing to adhere to his duties and responsibilities in or around October 2015.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint except admit that no other employee was disciplined for the reasons Chowdhury was disciplined in or around October 2015 because only Chowdhury was responsible for these duties and responsibilities.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint except admit that Chowdhury was disciplined for failing to select signature required on a merchandize delivery, which resulted in the merchandize not being delivered to a the residence of a Brioni client and resulting in a significant loss to Brioni.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint except admit that no other employees were disciplined for failing to select "signature required" when processing the mailing label because only Chowdhury failed to select "signature required" when processing the mailing label and mailed the merchandize to an unknown address rather than to the address of a Brioni client, resulting in lost merchandize.

65. Defendants admit the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint except admit that Plaintiff sent a letter to Brioni upon the termination of his employment, which letter speaks for itself.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint except admit that Plaintiffs purport to set forth a legal description of their claims.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

**ANSWERING "FIRST CLAIM-
Fair Labor Standards Act-Unpaid Overtime"**

81. In response to paragraph "81" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "80."

82. Defendants admit that 29 U.S.C. §201, et seq., speaks for itself but except as so admitted deny the allegations in paragraph "82" of the Complaint.

83. Defendants admit that 29 U.S.C. §201, et seq., speaks for itself but except as so admitted deny the allegations in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

**ANSWERING "SECOND CLAIM-
New York Labor Law-Unpaid Overtime"**

87. In response to paragraph "87" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "86."

88. Defendants admit that NYLL §190, et seq., 651(5) and 652 and 12 N.Y.C.R.R. Part 146 speak for themselves but except as so admitted deny the allegations in paragraph "88" of the Complaint.

89. Defendants admit that the NYLL and NYDOL regulations speak for themselves but except as so admitted deny the allegations in paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint.

## ANSWERING "THIRD CLAIM-
## FLSA- Retaliation"

93. In response to paragraph "93" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "92" as if fully set forth herein.

94. Defendants admit that 29 U.S.C. §201, et seq., speaks for itself but except as so admitted deny the allegations in paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in paragraph "95" of the Complaint.

96. Defendants deny the allegations set forth in paragraph "96" of the Complaint.

97. Defendants deny the allegations set forth in paragraph "97" of the Complaint.

98. Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99. Defendants deny the allegations set forth in paragraph "99" of the Complaint.

## ANSWERING "FOURTH CLAIM-
## NYLL- Retaliation"

100. In response to paragraph "100" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "99."

101. Defendants admit that NYLL §190, et seq., 651(5) and 652 and 12 N.Y.C.R.R. Part 146 speak for themselves but except as so admitted deny the allegations in paragraph "101" of the Complaint.

102. Defendants deny the allegations set forth in paragraph "102" of the Complaint. .

103. Defendants deny the allegations set forth in paragraph "103" of the Complaint.

## ANSWERING "FIFTH CLAIM-
## NYLL Wage Theft Prevention Act- Failure to Provide Annual Wage Notices"

104. In response to paragraph "104" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "103."

105. Defendants admit that the NYLL, WTPA and 12 N.Y.C.R.R. Part 146 speak for themselves but except as so admitted deny the allegations in paragraph "105" of the Complaint.

106. Defendants admit that the WTPA speaks for itselfs but except as so admitted deny the allegations in paragraph "106" of the Complaint.

107. Defendants deny the allegations set forth in paragraph "107" of the Complaint.

108. Defendants deny the allegations set forth in paragraph "108" of the Complaint.

### ANSWERING "SIXTH CLAIM- New York State Human Rights Law- Unlawful Discrimination"

109. In response to paragraph "109" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "108."

110. Defendants admit that the Executive Law speaks for itself but except as so admitted deny the allegations in paragraph "110" of the Complaint.

111. Defendants admit that the Executive Law, N.Y. Exec. L. §296 speaks for itself but except as so admitted deny the allegations in paragraph "111" of the Complaint.

112. Defendants deny the allegations set forth in paragraph "112" of the Complaint.

113. Defendants deny the allegations set forth in paragraph "113" of the Complaint.

### ANSWERING "SEVENTH CLAIM- New York State Human Rights Law- Aiding and Abetting"

114. In response to paragraph "114" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "113."

115. Defendants admit that the Executive Law, N.Y. Exec. L. §296 speaks for itself but except as so admitted deny the allegations in paragraph "115" of the Complaint.

116. Defendants deny the allegations set forth in paragraph "116" of the Complaint.

117. Defendants deny the allegations set forth in paragraph "117" of the Complaint.

## ANSWERING "EIGHTH CLAIM-
## New York City Human Rights Law- Unlawful Discrimination"

118.  In response to paragraph "118" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "117."

119.  Defendants admit that the NYCHRL speaks for itself but except as so admitted deny the allegations in paragraph "119" of the Complaint.

120.  Defendants admit that the NYCHRL, N.Y.C. Admin. Code §8-107, et seq., speaks for itself but except as so admitted deny the allegations in paragraph "120" of the Complaint.

121.  Defendants deny the allegations set forth in paragraph "121" of the Complaint.

122.  Defendants deny the allegations set forth in paragraph "122" of the Complaint.

123.  Defendants deny the allegations set forth in paragraph "123" of the Complaint.

## ANSWERING "NINTH CLAIM-
## New York City Human Rights Law- Aiding and Abetting"

124.  In response to paragraph "124" of the Complaint, Defendants repeat and reaffirm each and every response to paragraphs "1" through "123."

125.  Defendants admit that the NYCHRL speaks for itself but except as so admitted deny the allegations in paragraph "125" of the Complaint.

126.  Defendants deny the allegations set forth in paragraph "126" of the Complaint.

127.  Defendants deny the allegations set forth in paragraph "127" of the Complaint.

128.  Defendants deny the allegations set forth in paragraph "128" of the Complaint.

## ANSWERING "PRAYER FOR RELIEF"

129.    The paragraphs immediately following paragraph "129" of the Complaint state requests for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

## ANSWERING "DEMAND FOR TRIAL BY JURY"

130.    No response is required as paragraph "50" contains no factual allegations, however to the extent that a response is required, Defendants deny each and every allegation.

## AFFIRMATIVE DEFENSES

131.    Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Defendants do not have as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

132.    The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

133.    Even if Plaintiffs are entitled to recover damages, which Defendants expressly deny, Plaintiffs are barred or limited from recovering damages to the extent they failed to comply with their legal duty to mitigate those damages.

## THIRD AFFIRMATIVE DEFENSE

134.    Any and all tangible employment actions affecting Plaintiffs were based on legitimate, non-discriminatory and non-retaliatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

135. Some or all of Plaintiffs' injuries are due, in whole or in part, to their own actions.

## FIFTH AFFIRMATIVE DEFENSE

136. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiffs' rights and/or retaliate against Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

137. Defendants were justified in their conduct.

## SEVENTH AFFIRMATIVE DEFENSE

138. Plaintiffs' Complaint fails to state a cause of action upon which punitive damages may be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

139. Plaintiffs are not entitled to any relief under the Fair Labor Standards Act or the New York Labor Law because they were fully and justly compensated and received all wages and/or compensation due by them for all of the time that they were suffered or permitted to work under the FLSA and NYLL.

## NINTH AFFIRMATIVE DEFENSE

140. Plaintiffs' claims may be barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## TENTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with Plaintiffs' compensation were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York State Department of Labor.

## ELEVENTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims are frivolous and groundless and known to Plaintiffs to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

143.    Plaintiffs may be barred or limited from recovering damages based upon the doctrine of after acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

144.    This Court lacks subject matter jurisdiction with respect to some or all of Plaintiffs' alleged claims to the extent that Plaintiffs have failed to fully perform the requisite statutory conditions precedent to a private cause of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

145.    Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

146. At all relevant times, Defendants conducted themselves in full compliance with all applicable contracts as well as federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiffs from asserting the claims in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

147. Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs, under the NYSHRL and NYCHRL.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

148. Plaintiffs' claims are barred to the extent they seek duplicative relief or amounts seeking more than a single recovery.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

149. There is no liability for the individual Defendant Cruz because he is not Plaintiffs' "employer" pursuant to the FLSA, NYLL, NYSHRL or NYCHRL.

**NINETEENTH AFFIRMATIVE DEFENSE**

150. Defendants did not discriminate against Plaintiffs on the basis of their alleged religious creed, race or any other protected class.

**TWENTIETH AFFIRMATIVE DEFENSE**

151. Plaintiffs' claims are or may be barred by the doctrines of unclean hands, estoppel, after-acquired evidence, election of remedies, laches, accord and satisfaction, *res judicata*, payment and release, consent, and/or waiver.

### TWENTY FIRST AFFIRMATIVE DEFENSE

152. Plaintiffs are precluded from recovering attorneys' fees, liquidated damages, punitive damages, and any other form of supplemental damages from Defendant under applicable provisions of law.

### TWENTY SECOND AFFIRMATIVE DEFENSE

153. At no point relevant hereto, did Plaintiffs work any hour for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

### TWENTY THIRD AFFIRMATIVE DEFENSE

154. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

155. Plaintiffs are precluded from obtaining injunctive relief, either in whole or in part, because Plaintiffs have not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

156. If Plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by their own culpable conduct, including, without limitation, their failure to inform supervisors of all time worked. Any judgment recovered by any of the Plaintiffs must be reduced in proportion to the extent that culpable conduct contributed to the alleged damages.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

157. Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

158. Even if Plaintiffs prevail, their claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

159. Plaintiffs' claims may be barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours in which Plaintiffs were traveling to and from work or were engaged in activities that were preliminary or postliminary to their principal activities.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

160. Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages and a three-year limitations period.

**THIRTIETH AFFIRMATIVE DEFENSE**

161.   If Plaintiffs are entitled to recover additional compensation, which Defendants expressly deny, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded. Moreover, only a two-year statute of limitations should apply under the FLSA.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

162.   Some or all of Plaintiffs' injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendants had no control and/or whose actions cannot be imputed to Defendants as a matter of law.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

163.   Brioni and Brioni Holding are neither an "enterprise" nor an "enterprise engaged in commerce" under the FLSA.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

164.   At no point were Plaintiffs "engaged in commerce or in the production of goods for commerce," and, therefore, their claims are not subject to the "individual coverage" provisions of the FLSA.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

165.   Some or all of the time spent by Plaintiffs engaged in activities, as alleged by Plaintiffs, which is not otherwise excluded from hours worked under the FLSA, may be *de minimis* pursuant to 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime, and are therefore not compensable.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

166. Defendants affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA or NYLL.

## RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES

167. Defendants hereby reserve the right to amend their Answer and to assert any additional affirmative defenses as the facts and law warrant, upon further discovery concerning the alleged claims at issue herein, or upon discovery of further information concerning Defendants' defenses, including during the trial in this matter.

**WHEREFORE,** Defendants demand judgment against Plaintiffs as follows:

    a.    Dismissal of the Complaint;

    b.    Attorneys' fees;

    c.    Costs of suit; and

    d.    Any other equitable relief deemed appropriate by the court.

Dated: New York, NY
       February 23, 2017

Respectfully Submitted,

GORDON & REES LLP

By: /s/ *Francis J. Giambalvo*
Jay Blumenkopf
Francis J. Giambalvo
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500

*Attorneys for Defendants*
BRIONI AMERICA, INC., d/b/a BRIONI, BRIONI AMERICA HOLDING, INC. and DENNY CRUZ