UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOHEL A. CHOWDRURY, ALISK LIAKAT,

                                            Plaintiffs,

-against-

BRIONI AMERICA, INC., d/b/a BRIONI;
BRIONI AMERICA HOLDING, INC.;
DENNY CRUZ

                                            Defendants.

Case No.: 16-cv-0344 (VSB)(HBP)

**STIPULATED CONFIDENTIALTY AGREEMENT AND PROTECTIVE ORDER**

---

      Sohel A. Chowdhury and Ali SK Liakat and Brioni America, Inc., d/b/a Brioni, Brioni America Holding, Inc and Denny Cruz (collectively the "Parties" and individually a "Party"), through their respective counsel, stipulate to the entry of a Stipulated Confidentiality Agreement and Protective Order ("Stipulation") pursuant to Federal Rule of Civil Procedure 26(C) to protect the confidentiality of nonpublic, highly confidential information concerning non-party employees of the corporate Defendants and, proprietary, competitively sensitive information that is requested in discovery in this action and the harmful disclosure thereof.

      This Stipulation contains a negotiated agreement between the parties that the parties agree is enforceable and effective as of the date of execution. The Parties are entitled to rely on the provisions of this Stipulation upon its execution and prior to and/or in the event of the Court's acceptance and entry of the proposed Order contained herein. The Parties, through counsel, agree to the following terms:

      1.    Either Party may designate documents as confidential by prominently marking them with the legend 'CONFIDENTIAL' prior to product or disclosure to the other Party. In the event any materials a Party wishes to designate as confidential are produced or disclosed

inadvertently without having been so designated, the producing or disclosing Party shall have the right to substitute a copy of such materials with a confidential designation within 30 days of the inadvertent production or disclosure, demand the prompt return of any copies of materials inadvertently produced or disclosed, and require the receiving party to use only copies of the materials with the confidential designation in full compliance with the terms of this Stipulation.

2. All documents and/or information disclosed by the Parties that are marked "Confidential," whether provided voluntarily, made in response to specific discovery requests or otherwise, are subject to this Stipulation. The scope of this Stipulation shall be understood to encompass not only the above referenced documents and information, but also the information that is learned by counsel only because counsel received the documents.

3. All written information, documents, or portions subject to the terms of this Stipulation shall be used by the Parties only for the purpose of the above captioned action or related litigation and not for any other purpose whatsoever unless otherwise provided for in this Stipulation. Copies of discovery materials that have been designated "Confidential" shall be made available to witnesses only upon the written agreement of each such witness to be bound by the terms of this Stipulation.

4. Documents and information subject to this Agreement shall not later be given, shown, made available or communicated in any way by the Parties or their counsel to anyone other than to the Parties, experts, witnesses, potential witnesses, court reporters, attorneys representing the Parties in this action and their office staff, and the Court.

4. In the event that, at any time, any party disagrees with another party's designation of documents or information as "Confidential," the Parties shall first attempt to resolve the dispute by meeting and conferring. If the dispute is not promptly resolved through the meet and

confer process, within ten (10) business days of notification of the non-producing party's disagreement with the "Confidential" designation, the non-producing party may apply to the court for an order that the documents in question are not, in fact, "Confidential." Pending resolution of a dispute over whether documents or information should be considered "Confidential" all Parties and all other persons bound by this Agreement shall continue to treat the material as "Confidential" until the issue is resolved by the Court.

5. At the trial of this matter, documents designated as confidential should be filed under seal, subject to the court's approval.

6. At the conclusion of this lawsuit, including all appeals, all originals, reproductions and summaries of material subject to this Agreement shall be either returned or certified as destroyed. Counsel may retain any documents necessary to comply with laws, rules, and regulations, and to protect themselves from claims under their professional liability policies. This Agreement shall, unless permission is given by the Parties or a further order is issued by the Court, continue to be binding following the conclusion of this action. Documents that are part of the publicly accessible court file are not subject to this paragraph.

7. Nothing in this Agreement shall be deemed to limit the Parties in any way from using their own documents and information, including presenting confidential material at trial in the manner provided for above, as deposition exhibits, or in connection with or in support of summary judgment or any other motions or papers filed with the Court in a manner consistent with the other terms of this Stipulation. If, during the course of these proceedings, any Party wishes to designate any portion of a transcript as confidential, that Party shall do so on the record at the deposition.

8. Nothing in this Agreement shall limit the Parties or counsel from voluntarily

agreeing in writing to modify this Agreement or from moving the court for modification.

SO STIPULATED AND AGREED.

| PECHMAN LAW GROUP, PLLC | GORDON & REES LLP |
|---|---|
| By: *[signature]* <br> Louis Pechman <br> Lillian Marquez <br> 488 Madison Avenue, 11th Floor <br> New York, New York 10022 <br> Ph. (212) 583-9500 <br><br> *Attorneys for Plaintiffs Sohel Chowdhury and Ali SK Liakat* | By: *[signature]* <br> Jay Blumenkopf <br> Francis J. Giambalvo <br> One Battery Park Plaza, 28th Floor <br> New York, New York 10004 <br> Ph. (212) 269-5500 <br><br> *Attorneys for Defendants Brioni Americas, Inc., d/b/a Brioni, Brioni Holdings, Inc., and Denny Cruz* |

Dated: New York, New York
       March 28, 2017

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK   3/28/2017
UNITED STATES DISTRICT JUDGE