```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SOHEL A. CHOWDHURY, et al.                                   :
Individually and on behalf of all other persons              :
similarly situated,                                          :
                                                             :
                                        Plaintiffs,          :
                                                             :
                -v-                                          :
                                                             :
DENNY CRUZ, et al.,                                          :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/2017
```

16-CV-344 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act case.  Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

Accordingly, it is hereby

ORDERED that, on or before September 29, 2017, the parties provide the Court with (i) a copy of the settlement agreement or the terms of settlement agreement, and (ii) a joint letter setting forth their views as to why their settlement is fair and reasonable and should be approved. The joint letter should include, but need not be limited to, the five factors identified by the court in *Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832 (S.D.N.Y. Oct. 27, 2015), for evaluating the fairness of an FLSA settlement: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and

expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* at *1 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  If the settlement agreement includes a provision for attorney's fees, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]."  *Beckert*, 2015 WL 6503832, at *2.  To the extent that the parties consent to proceeding before Magistrate Judge Pitman for settlement approval and the remainder of the case, they are instructed to sign and file the consent form located at http://www.nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.

   IT IS FURTHER ORDERED that the conference set for August 25, 2017 be adjourned *sine die*.

   SO ORDERED.

Dated: August 21, 2017
   New York, New York

*(signature)*
Vernon S. Broderick
United States District Judge